## KEYES *v.* AMERICAN SLATE CO. & A.

A suit was brought against two defendants and service made on both, but by mistake the action was entered against one only, and the auditor's commission followed the entry. At the trial before the auditor the cause was opened against both, the trial proceeded against both without objection, and the report was in favor of both. Afterwards the Court allowed the entry and commission to be amended by inserting the name of the other defendant, and upon exception it was *held* that the amendment was properly allowed.

ASSUMPSIT by Henry Keyes against the American Slate Co. and George W. Emery. The writ was served on both defendants, but the action was entered on the docket against the Slate Co. alone. At March Term, 1866, Nathan B. Felton, Esq., was appointed auditor, and a commission issued to him in which the Slate Co. were the only defendants named. At September Term, 1869, the auditor made a report disallowing all plaintiff's claims, and finding " that the defendants did not promise in manner and form as the plaintiff alleges in his declaration." This report was enclosed in an envelope upon which the auditor wrote (among other things), " Enclosed is my report as auditor in the action pending in said court, in which Henry Keyes is plaintiff and The American Slate Company and George W. Emery are defendants." At the present term the auditor filed an affidavit, in substance as follows :

" I did not notice that commission was not against both the defendants. The case was presented by the plaintiff's counsel as against the American Slate Co. and George W. Emery, and the hearing all the way through was against both the parties. The writ is against both and served on both. I found against the plaintiff on the ground that said company and said George W. Emery were not jointly chargeable upon the evidence."

Subject to exception, it was ruled in substance that the docket and commission should be amended by inserting the name of George W. Emery as a defendant, without recommitting or invalidating the report. The writ, report, and auditor's affidavit are made part of this statement.

The case was reserved.

*H. & G. A. Bingham,* for plaintiff.

*C. W. & E. D. Rand,* for defendants.

BELLOWS, C. J. The trial before the auditor was had precisely as if the suit had been entered against both defendants and the auditor's commission had named both. The plaintiff, whose business it was regularly to obtain the commission, assumed that both were included, and so opened and tried his cause. The amendment then would merely make the case just what it was supposed to be on all sides, and the trial and result were not in the slightest degree affected by the

omission in the entry or commission. The amendment therefore could not possibly prejudice the plaintiff. In such cases it is the common practice to allow amendments. In *Pickering & Wife* v. *De Rochemont*, 45 N. H. 67, where there was a count for money had and received to the use of the plaintiff, and a report of an auditor against the defendant provisionally dependent upon the allowance of an amendment, alleging that the money was received to the use of the wife before marriage, upon the return of the report the amendment was allowed and held well, and the report was received as evidence. In that case the variance would have been fatal of course but for the amendment. The auditor's commission was of course to try the cause of action set up in the declaration, and to that alone he was sworn; but inasmuch as the trial was for the real cause, money received to the use of the wife alone, the amendment was allowed and the auditor's report preserved.

This authority, we think, covers the whole ground involved in this case. When the Court can see clearly that by an amendment of this sort justice will be promoted and that the parties have had a full and fair trial and could not have been injured by the defect proposed to be remedied by the amendment, we can perceive no objection to allowance of such amendments in the discretion of the Court.

In the case before us, the very cause of action set up in the declaration has been fairly tried and decided. The plaintiff has taken his chance of a favorable report, and to be obliged to set aside the report for a mistake of this character, which clearly has had no effect upon the result, would be matter of serious regret. Fortunately the practice of allowing amendments in such cases, even after verdict, is too well established to leave any doubt of the propriety of adopting it here.

Unless other disposition is to be made, there must be

*Judgment on the report.*